NO. 07-03-0105-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 25, 2003

_____


SAMMY RAY ESCOBAR, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,383-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**


Pursuant to a plea of guilty for aggravated assault with a deadly weapon, on June 14, 1999, appellant was granted deferred adjudication and placed on community supervision for ten years plus $2,000 restitution.  After hearing evidence on the State's amended motion to proceed with an adjudication of guilt for violations of the conditions of

community supervision, on January 16, 2003, the trial court adjudicated appellant guilty of the charged offense and assessed punishment at 14 years confinement. Appellant filed a *pro se* notice of appeal and docketing statement. At the time the docketing statement was filed, appellant indicated he was indigent and was awaiting the appointment of counsel by the trial court. On March 19, 2003, the District Clerk filed a request for extension of time in which to file the clerk's record indicating that no payment nor arrangement for payment had been made. After the request was granted extending the time to April 17, 2003, a second request was filed requesting until May 19, 2003, due to nonpayment. Pursuant to Rules 35.3(c) and 37.3(a)(2) of the Texas Rules of Appellate Procedure, we now abate the appeal and remand the cause to the trial court for further proceedings. The clerk's record will be due 30 days following reinstatement of this appeal.

We recognize that article 42.12, section 5(b) of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 2003), expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.3d 738, 741 (Tex.Cr.App. 1999). However, appeals of proceedings after an adjudication of guilt, including assessment of punishment, pronouncement of sentence, and granting of community supervision are not foreclosed by article 42.12, section 5(b).

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeal; and

2.	whether appellant is indigent and entitled to appointed counsel and preparation of the appellate record without payment.

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel.  If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing counsel.  Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, June 9, 2003.

It is so ordered.

Per Curiam

Do not publish.